PATRICK A. PIRTLE, Justice,
concurring and dissenting.
I agree with the majority’s disposition of Appellant’s points of error three through six; however, I write separately to express my opinion that the trial court erred by failing to permit Appellant to withdraw his plea of guilty. See art. 26.13(2), Tex.Code Crim. Proc. Ann. (Vernon Supp. 2009). As stated in the majority opinion, the trial court implicitly found that it had “accepted” the plea agreement, making it a binding agreement between the State and Appellant. State v. Moore, 240 S.W.3d 248 (Tex.Crim.App.2007). However, rather than follow that agreement as to punishment, the trial court found Appellant violated a non-existent condition that he be a “viable” witness. In doing so, the trial court implicitly rejected the negotiated plea bargain agreement and was, therefore, statutorily obligated to permit Appellant to withdraw his plea of guilty. Having failed to do so, the trial court erred. I would sustain Appellant’s second issue and reverse and remand.